IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 4:13-mj-068 |
| Plaintiff, | ) |
| v. | ) **PLEA AGREEMENT** |
| | ) |
| CARLOS ROLANDO AYALA-BONILLA, a/k/a CARLOS ROLANDO AXALA-BONILLA, | ) |
| | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Timothy Q. Purdon, United States Attorney for the District of North Dakota, and David D. Hagler, Assistant United States Attorney; defendant CARLOS ROLANDO AYALA-BONILLA, a/k/a CARLOS ROLANDO AXALA-BONILLA; and defendant's attorney, William D. Schmidt, agree to the following:

1. Defendant acknowledges the Complaint charges a violation of Title 8, United States Code, Section 1325(a)(1), improper entry by alien. Defendant's attorney has fully explained the charge to Defendant and Defendant fully understands the nature and elements of the charged crime.

2. Defendant and the attorney for the defendant acknowledge that the defendant has been apprised of all plea offers made by the United States and knowingly and intelligently accepts the terms of this Plea Agreement.

3.  Defendant will voluntarily plead guilty to the sole count of the Complaint, improper entry by alien.

4.  The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c).  The parties specifically agree that Rule 11(c)(1)(C) does not apply.  If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges that this agreement will have been fulfilled.  Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

5.  Defendant will plead guilty because defendant is in fact guilty of the charge(s).  In pleading guilty, defendant acknowledges that:

   a)  Defendant is an alien and citizen of Honduras.

   b)  On or about April 5, 2013, Defendant entered the United States from Canada by crossing the border near Sherwood, North Dakota at a time and place other than as designated by immigration officers.

   c)  Defendant knew that he was likely to be found inadmissible to enter the United States and was attempting to enter the United States in violation of United States law.

   d)  Defendant acknowledges that his conduct satisfies all the elements of Title 8, U.S.C. Section 1325(a)(1) as alleged in the Complaint and that this Court has jurisdiction over this matter.

6.  Defendant understands the offense carries the following maximum penalties:

2

|  | Count 1 |
|---|---|
| Imprisonment | 6 months |
| Fine | $5,000 |
| Probation | 5 years |
| Special Assessment | $10 |

Defendant agrees to pay the Clerk of United States District Court the special assessment on the day of sentencing.

    7.    Defendant understands that by pleading guilty defendant surrenders rights, including:

    (a)    The right to file any of the motions described in Rules 12(b)(3), Fed.R.Crim.P.;

    (b) The right to a speedy public bench trial with all the rights pertaining thereto, among others: the presumption of innocence, proof beyond a reasonable doubt, confrontation and cross-examination of witnesses, the right to subpoena and present witnesses of his own.

    (c) The right to remain silent. At trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

8. Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of defendant's waiver. Defendant's attorney has also explained and Defendant understands that a conviction for this offense may have an adverse effect on Defendant's immigration status and could result in deportation from the United States.

9. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing.

10. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

11. The parties understand that since the offense to which the defendant is pleading guilty is a B misdemeanor, no guideline calculations will be done.

12. The parties agree that sentencing will be left to the sound discretion of the Court. It is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties as provided by

law. Defendant understands that refusal by the Court to accept any recommendation by the parties does not give Defendant a right to withdraw any guilty plea(s).

13. At the time of sentencing, the United States will:

  (a) recommend a sentence of time served; and

  (b) recommend a $10 special assessment.

14. Defendant may recommend any sentence that he believes is appropriate.

15. Defendant acknowledges and understands that if Defendant:

(a) violates any term of this Plea Agreement; (b) engages in any further criminal activity regardless of jurisdiction, severity or whether a conviction results; (c) violates any term of pretrial release regardless of whether a petition is filed; (d) has, after being charged with the offense(s) in this case, provided false information to any federal, state or local law enforcement officer or any state or federal probation/pretrial services officer, including any statements made in any proffer interview in connection with this case; (e) engages in any form of obstruction of justice; or (f) fails to appear for the change of plea hearing, sentencing hearing or any other hearing in this matter, this Plea Agreement shall become null and void at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant

and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements or restrictions imposed upon it under this Plea Agreement, including but not limited to its agreement to recommend a certain sentence in the case. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement(s), or false declaration(s), if defendant commits such acts in connection with this agreement or otherwise.

16. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

17. **Appeal Waiver**. Defendant waives the right to appeal the conviction and the court's entry of judgment, including an appeal of any motions, defenses, probable cause determinations, and objections asserted in this case. Defendant also waives any right to appeal the sentence under Title 18, United States Code, Section 3742(a). Expressly excluded from this waiver of appeal is Defendant's right to appeal an illegal sentence. Defendant agrees to waive any right to contest the conviction and sentence in any post-conviction proceeding pursuant to 28 USC § 2255, with the exception of any claim of ineffective assistance of counsel, prosecutorial misconduct, and any claim pursuant to 28 USC § 2255(f)(3) premised on a right newly recognized by the United States Supreme Court.

18. The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report through a presentence conference or other informal procedures.

19. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

TIMOTHY Q. PURDON
United States Attorney

Dated: 4-30-13       By: _____
                          DAVID D. HAGLER
                          Assistant United States Attorney

Dated: 4-26-13            _____
                          CARLOS ROLANDO AYALA-BONILLA
                          Defendant

Dated: 4/26/13            _____
                          WILLIAM D. SCHMIDT
                          Attorney for Defendant

7